(No. 87-CC-4055—)

MICHIGAN AVENUE MANAGEMENT, INC., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed January 23, 1990.*
*Order filed November 3, 1994.*

DEUTSCH, LEVY & ENGEL (MICHAEL J. DEVINE, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (ROBERT SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

ORDER

SOMMER, C.J.

This cause coming to be heard on the Claimant's motion for summary judgment and this Court being fully advised in the premises, finds the first six counts of the complaint are in regard to separate leases by the State of parts of the building at 910 S. Michigan Avenue, Chicago. The leases in each count, except count IV, began on July 1, 1985, and ran to June 30, 1987. The lease in count IV began August 1, 1985, and ran to June 30, 1987. The count notes that the periods of these leases reflect the State's fiscal year which begins on July 1 and ends on June 30. The leases between the Claimant and the State contained the following paragraph:

"Early termination: Lessee shall have the option to terminate this lease by giving 120 days written notice to the Lessor of its intention to exercise this option."

The State did give the Claimant written notices of more than 120 days of its intention to terminate. The date of termination for the leases in counts I through IV was December 13, 1986, while the date of termination for the leases in counts V and VI was August 18, 1986. The whole controversy in counts I through VI is whether the State could establish a termination date on any day or whether it had to terminate and the end of a month. The Claimant argues that payment was monthly and that the general rule of law is that leases terminate at the end of the month where the payment is monthly. The Claimant would be correct if the leases were month to month; but this Court finds that the leases were for a period of years (generally

following the State's fiscal years). The plain language of the leases would allow termination on any date. Where there is no ambiguity, this Court cannot go beyond the plain language of the instrument. The Claimant pleads that there is an ambiguity in that the leases do not provide for pro-rata monthly payments. We find that the parties established a monthly payment schedule, but the leases are for a period of years, not month to month; and thus can be terminated at any time or date, provided proper notice is given; therefore, pro-rata monthly payments are implied.

Count VII of the complaint concerns a lease at the same building that was to terminate on October 31, 1986, pursuant to a notice of termination delivered by the State to the Claimant, but the State did not actually leave until December 13, 1986. This Court finds that the State's notice terminated the lease and that the State did "hold-over." The State cannot have it both ways. It cannot seek to end sister leases on a specific date and then claim that the termination does does not apply when the State wishes to stay awhile longer. Whether the "hold-over" was wilful is a question of fact. Insomuch as this claim must be sent to a Commissioner for a hearing on counts VIII and IX, damages to the building by the State, the Commissioner shall hear evidence on whether the hold-over was wilful. It is therefore ordered that the Claimant's motion for summary judgment is denied in regard to counts I through VI, and that the motion for summary judgment is granted partially as to count VII, and this claim be sent to Commissioner Whipple for hearing.

## ORDER

SOMMER, C.J.

This cause is before the Court on the parties' stipulation to dismiss action with prejudice, the Court being fully advised in the premises:

The stipulation to dismiss the claim herein is hereby accepted, and it is therefore ordered that the claim herein be, and the same is, hereby dismissed, with prejudice.